UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LISA REYNOLDS,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES
AND DEMAND FOR
DOCUMENTS**

16 CV 2631 (RRM) (RER)

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendants The City of New York and Detective Sophia Carson (hereinafter "defendants"), through their attorney Zachary W. Carter, Corporation Counsel for the City of New York, respond and object to Plaintiffs' First Set of Interrogatories and Demand for Documents as follows:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.    Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

6.    With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

7.    Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8.    Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel.   Defendants also reserve the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all members of the NYPD who were present at the arrest of the plaintiff in Kings County, New York, on May 30, 2015 (the "Arrest"), and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent that it implicates the privacy and security interests of non-parties, to the extent that it seeks information that is not relevant to any claims or defenses, to the extent it is not proportional to the needs of this case, to the extent it seeks information that is not in defendants' possession, custody, or control, and to the extent it is in possession of plaintiff.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures dated September 9, 2016, as supplemented on September 21, 2016, and the documents annexed thereto. Notwithstanding, and without waiving or in any way limiting, these objections or the

General Objections, pursuant to Fed. R. Civ. P. 33(d), defendants identify these additional individuals:[1]

1. Captain Andrew V. Valenzano, Tax No. 923294, New York City Police Department; Narcotics Borough Manhattan North, c/o One Police Plaza, New York, NY 10038;

2. Detective Joel Polichron, Tax No. 933192, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038;

3. Detective Emrah Ates, Tax No. 942967, New York City Police Department; Auto Crime Division, c/o One Police Plaza, New York, NY 10038;

4. Detective Andre Blake, Tax No. 939924, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038;

5. Detective Wilmar Mejia, Tax No. 933015, New York City Police Department; Auto Crime Division, c/o One Police Plaza, New York, NY 10038;

6. Police Officer James Schuessler, Tax No. 947477, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038;

7. Detective Cevallos, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038;

8. Detective Ruperto Valentin, Tax No. 927620, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038;

9. Police Officer Cantano, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038;

10. Detective Antonio Santana, Tax No. 933323, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038;

11. Detective Brian Tiernan, Tax No. 933411, New York City Police Department; Narcotics Borough Brooklyn North, c/o One Police Plaza, New York, NY 10038; and

---

[1] Defendants are continuing to search for the identification of Detective Cevallos and Officer Cantano and will provide as soon as the identifying information becomes available.

12. Detective Michelle Martinez, Tax No. 935258, Internal Affairs Bureau, c/o One Police Plaza, New York, NY 10038.

**INTERROGATORY NO. 2:**

Identify persons present at the Arrest, other than those identified in response to Interrogatory 1, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants incorporate their objections and response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Identify all crimes, offenses, and unlawful conduct for which defendants are claiming they had probable cause to arrest plaintiff at the time of the Arrest, and for each such crime or offense, set forth the applicable statutory code or provision.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overly broad, and compound, and to the extent that it seeks legal conclusions. Defendants further object to this interrogatory to the extent that it seeks information that is protected by the work product doctrine or other applicable privileges or otherwise seeks discovery of legal strategy and/or trial preparation.  Subject to and without waiving or in any

way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016. In particular, defendants refer plaintiff to the police paperwork, district attorneys' office documents, and criminal court documents that they have produced.  As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**INTERROGATORY NO. 4:**

Identify all persons arrested at the same location as plaintiff on the date of the Arrest (the "Other Arrests"), and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent that it implicates the privacy interests of non-party civilians whose records may be sealed pursuant to New York Criminal Procedure Law § 160.50/55, and/or § 375.1 of the Family Court Act, and/or any other applicable sealing provisions, to the extent that it seeks information that is not relevant to any party's claims or defenses, and to the extent it is not proportional to the needs of this case. Any resolution of the

issues presented by this request must await an agreement of the parties and/or a ruling by the Court.

**INTERROGATORY NO. 5:**

        Identify all crimes, offenses, and unlawful conduct for which defendants are claiming they had probable cause to arrest each individual identified in response to Interrogatory 4, and for each such crime or offense, set forth the applicable statutory code or provision.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

        Defendants incorporate their objections and response to Interrogatory No. 4.

**INTERROGATORY NO. 6:**

        Identify all persons whom defendants claim witnessed plaintiff engage in any of the conduct identified in response to Interrogatory 3 above, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

        Defendants incorporate their objections and response to Interrogatory No. 1.

**INTERROGATORY NO. 7:**

        Identify all persons whom defendants claim witnessed the individuals identified in response to Interrogatory 4 plaintiff engage in any of the conduct identified in response to

Interrogatory 5 above, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.   If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants incorporate their objections and response to Interrogatory No. 4.

**INTERROGATORY NO. 8:**

State whether any of the persons identified in response to Interrogatory 4 were issued Desk Appearance Tickets or Summonses by members of the NYPD for any crimes or offenses concerning, resulting from, or otherwise related to the crimes and offenses identified in response to Interrogatory 4, and if so, set forth the charges as to each person and the disposition of each prosecution.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants incorporate their objections and response to Interrogatory No. 4.

**INTERROGATORY NO. 9:**

State whether any of the persons identified in response to Interrogatory 4 above were charged by any prosecuting agency, including the Kings County District Attorney's Office ("KCDA"), for any crimes or offenses concerning, resulting from, or otherwise related to the

Other Arrests, and if so, set forth the charges as to each person and the disposition of each prosecution.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants incorporate their objections and response to Interrogatory No. 4.

**INTERROGATORY NO. 10:**

State where defendants claim to have recovered the "straw with residue" identified in NYPD Invoice 3000521132.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vague, ambiguous, overly broad, and on the grounds that there is another more practical method of obtaining the information sought in this interrogatory, namely a deposition. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016. Particularly, defendants refer plaintiff to DE 000016 to DE 000017.  As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**INTERROGATORY NO. 11:**

Identify each person who claims to have found the "straw with residue" referenced in the above invoices, or who witnessed the item being found, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law

enforcement, then identify those documents that provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent it is not proportional to the needs of this case, to the extent is not relevant to any party's claims or defenses, to the extent it seeks information that is not within defendants' possession, custody, or control, to the extent it is in possession of plaintiff, to the extent it assumes facts not established, and on the grounds that there is another more practical method of obtaining the information sought in this interrogatory, namely a deposition. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants identify Detective Sophia Carson and refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**INTERROGATORY NO. 12:**

State precisely where within the premises plaintiff was first found by members of the NYPD, and identify each member of the NYPD whom defendants claim found or witnessed plaintiff in this location, and, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that

provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

      Defendants object to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent it assumes facts not established, and to the extent that it seeks information that is not relevant to any party's claims or defenses.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016.  In particular, defendants refer plaintiff to DE 000012. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**INTERROGATORY NO. 13:**

      Identify the officer(s) who made the decision to arrest plaintiff, and for this person, provide his/her current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.   If defendants are identifying a person by referring to other responses, identify which persons to which defendants so refer, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location.   If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:

Defendants object to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overly broad, and compound, and to the extent that it seeks information that is not relevant to any party's claims or defenses.  Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016.  In particular, defendants refer plaintiff to DE 000010 to DE 000011. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

## INTERROGATORY NO. 14:

State whether any person has given any testimony concerning the Arrest, or the Other Arrests, and if so, for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location.  If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:

Defendants object to Interrogatory No. 14 on the grounds that it is vague and ambiguous, compound, to the extent it assumes facts not established, to the extent it is not in defendants' possession, custody, and control, to the extent it is in the possession of plaintiff, on

- 12 -

the grounds that it is not sufficiently limited in time and scope, and seeks information that is equally available to plaintiff as to defendants. Defendants also object on the grounds that it seeks information that is protected from disclosure by the law enforcement privilege or other applicable privileges, and which may be sealed pursuant to New York Criminal Procedure Law § 160.50/55, and/or § 375.1 of the Family Court Act, and/or other applicable sealing provisions. Subject to and without in any way waiving or limiting these objections and the General Objections, defendants state that plaintiff's criminal case was declined for prosecution by the Kings County District Attorney's Office ("KCDA") before plaintiff was arraigned.

**INTERROGATORY NO. 15:**

Identify all members of the NYPD who spoke with any member of any prosecuting agency, including the KCDA, concerning the Arrest, and for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that it is vague, ambiguous, overly broad, to the extent it is not relevant to any party's claims or defenses, to the extent it is not proportional to the needs of this case, to the extent it is not sufficiently limited in time or scope, and on the grounds that there is another more practical method of obtaining the

information sought in this interrogatory, namely a deposition. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016. In particular, defendants refer plaintiff to DE 000001. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**INTERROGATORY NO. 16:**

Identify all members of the NYPD who spoke with any member of any prosecuting agency, including the KCDA, concerning the Other Arrests, and for each such person, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants incorporate their objections and response to Interrogatory No. 4. Defendants also object on the grounds that it is not sufficiently limited in time or scope.

**INTERROGATORY NO. 17:**

State whether the City of New York is asserting any liens against any of the monies that may be recovered by the plaintiff in this action.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 on the grounds that it is vague, overly broad, ambiguous, and premature, on the grounds that the information sought is equally available to plaintiff as to defendants, to the extent that the information sought is not within defendants' possession, custody, or control, and to the extent that it seeks information that is not relevant to any party's claims or defenses. Defendants reserve the right to recover from plaintiff any liens that exist as of the date of any verdict or settlement.

**INTERROGATORY NO. 18:**

State whether defendants are claiming plaintiff made any inculpatory or incriminating statements, and if so, identify each such statement and the witness(es) thereto. For each such witness, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to Interrogatory No. 18 on the grounds that it is vague, ambiguous, overly broad, to the extent it seeks information that is not within defendants' possession, custody, or control, to the extent it is in the possession of plaintiff, and on the grounds that there is another more practical method of obtaining the information sought in this interrogatory, namely a deposition. Subject to and without waiving or in any way limiting these

objections or defendants' General Objections, defendants state, upon information and belief, there is no responsive information. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**INTERROGATORY NO. 19:**

State whether defendants are claiming any other person, including those identified in response to Interrogatory 2, made any statements inculpating or incriminating plaintiff with respect to the Arrest or Other Arrests, and if so, identify each such statement and the witness(es) thereto. For each such witness, provide their current, or last known, address and phone number, except if the person is currently a member of law enforcement, provide that individual's shield number, present job title, command and location. If defendants are identifying persons by referring to other responses, identify which persons to which defendants so refers, and the documents that provide their current, or last known, address and phone number, except if the person is a member of law enforcement, then identify those documents that provide that individual's shield number, present job title, command and location. If defendants are identifying persons by reference to any documents or materials, please identify each such document with specificity.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:**

Defendants incorporate their objections and response to Interrogatory No. 4 and No. 18.

**INTERROGATORY NO. 20:**

State whether any Notices of Claim have been filed with the City of New York with respect to any events that occurred at the same date and location as the Arrest, and if so, identify each such claimant.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:

In addition to the General Objections, defendants object to this request on the grounds that it is vague, overly broad, ambiguous, to the extent that it is not relevant to any party's claims or defenses, on the grounds that it is not proportional to the needs of this case, to the extent it assumes facts not true or established, and on the grounds that such information and documents are publicly available and equally available to plaintiff.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

All photographs, video, digital images, or other similar media depicting plaintiff taken incident to the Arrest.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Request No. 1 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent that the information sought is not within defendants' possession, custody, or control, to the extent it in the possession of plaintiff, to the extent it is not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant to any claims or defenses. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016. In particular, defendants refer plaintiff to DE 000013. As defendants continue to search for relevant materials, and discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

### DOCUMENT REQUEST NO. 2:

All photographs, video, digital images, or other similar media depicting any of the persons identified in response to Interrogatory 2 taken incident to the Arrest.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants incorporate their objections and response to Interrogatory No. 4 and Document Request No. 1.

**DOCUMENT REQUEST NO. 3:**

Employee or NYPD Identification photographs of each member of the NYPD identified in response to Interrogatory 1.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Request No. 3 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent that it seeks information that is not relevant to any party's claims or defenses, to the extent the information sought is not proportional to the needs of this case, to the extent it is not sufficiently limited in time or scope, to the extent that it implicates the privacy, safety and security interests of police officers and non-parties, and to the extent it seeks information protected by the official information privilege.

**DOCUMENT REQUEST NO. 4:**

All documents, communications, and electronically memorialized information created or possessed by the defendants concerning the application for or issuance of a warrant that would permit defendants to enter the premises at the time and location where the Arrest occurred, including any affidavits, exhibits, transcripts, and warrant(s) issued.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is vague, ambiguous, overbroad, mischaracterizes the facts of the record, to the extent it is not sufficiently limited in time or scope, to the extent it seeks documents outside of defendants' custody, possession or control, to the extent such documents are equally available to plaintiff, to the extent it seeks information that is not relevant to any party's claims or defenses, and to the extent the information sought is not proportional to the needs of this case. Defendants further object to the extent this request calls for production of documents protected by the law enforcement privilege, the official information privilege, and/or the work-product doctrine. Defendants

- 19 -

further object to this document request as it implicates the privacy and security concerns of non-parties and to the extent it seeks information protected by the sealing provisions of New York Criminal Procedure Law § 160.50/55, and/or § 375.1 of the Family Court Act, and/or any other applicable sealing provisions. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016. In particular, defendants refer plaintiff to DE 000012. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

## DOCUMENT REQUEST NO. 5:

All documents, communications, and electronically memorialized information created or possessed by the defendants concerning the Arrest, including but not limited to all notes, court records, complaint forms, DD5s, command log entries, memo book entries, daily activity reports, online booking sheets, tactical plans, activity logs, activity reports, and handwritten drafts of any documents later typed or recreated in a different form, and any and all other materials relevant to this demand.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to Document Request No. 5 on the grounds that it is vague, ambiguous, overbroad, to the extent it is not sufficiently limited in time or scope, to the extent it seeks information that is not within defendants' custody, possession or control, to the extent such documents are equally available to plaintiff, to the extent it seeks information that is not relevant to any party's claims or defenses, and to the extent the information sought is not proportional to the needs of this case. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, to the extent this request calls for production of

documents protected by the law enforcement privilege, the official information privilege, the work product doctrine or other applicable privileges and to the extent responsive documents have been destroyed pursuant to operation of law. Defendants further object to this document request as it implicates the privacy and security concerns of non-parties and to the extent it seeks information protected by the sealing provisions of New York Criminal Procedure Law § 160.50/55, and/or § 375.1 of the Family Court Act, and/or any other applicable sealing provisions. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, as supplemented on September 21, 2016, and the annexed documents bearing Bates Nos. DE 000022 to DE 000025. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**DOCUMENT REQUEST NO. 6:**

All documents, communications, and electronically memorialized information created or possessed by any prosecuting agency, including the KCDA, concerning the Arrest, including court records, discovery documentation, intake notes, screening sheets, GJ Synopsis forms, declination memoranda, dismissal memoranda, and any other materials that reference the prosecution of plaintiff, the decision to dismiss or not to challenge or appeal from the dismissal of the charges against plaintiff, any and all other materials relevant to plaintiff's Arrest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Request No. 6 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent that the information sought is not within defendants' possession, custody, or control, to the extent it assumes facts not true or established, and to the extent that it seeks information that is not relevant to any party's claims or defenses. Defendants

further object to the extent this request calls for production of documents protected by the law enforcement privilege, the official information privilege, the work product doctrine or other applicable privileges. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on September 9, 2016, and as supplemented on September 21, 2016.  In particular, defendants refer plaintiff to DE 000001.  As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**DOCUMENT REQUEST NO. 7:**

All documents, communications, and electronically memorialized information created or possessed by the defendants concerning the prosecution of any individual(s) pursuant to the Other Arrests, including but not limited to all notes, court records, complaint forms, DD5s, command log entries, memo book entries, daily activity reports, online booking sheets, tactical plans, activity logs, activity reports, and handwritten drafts of any documents later typed or recreated in a different form, and any and all other materials relevant to this demand.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants incorporate their objections and response to Document Request No. 4. Defendants further object on the grounds that it seeks documents not within defendants' possession, custody or control, and in the possession of plaintiff.

**DOCUMENT REQUEST NO. 8:**

All documents, communications, and electronically memorialized information created or possessed by the defendants and/or any prosecuting agency, including the KCDA, concerning any actual or attempted communication between the KCDA and defendant Carson as referenced in the Declined Prosecution Form produced by defendants as DEF 001.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections, defendants object to Document No. 8 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, assumes facts not true or established, to the extent the request seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the case, to the extent that it seeks information not in defendants' possession, custody, or control, to the extent it is in the possession of plaintiff, and to the extent that it seeks documents containing information that is protected by the attorney work product privilege, official information, law enforcement privilege and other applicable privileges.

**DOCUMENT REQUEST NO. 9:**

All SPRINT reports concerning the Arrest or otherwise relating to the Premises on or about the date of the Arrest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is vague, ambiguous, overly broad, to the extent it is not sufficiently limited in time or scope, and to the extent it seeks information that is not relevant to any party's claims or defenses. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants state that upon information and belief, there is no responsive information. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**DOCUMENT REQUEST NO. 10:**

All photographs, video, digital images, or other similar media depicting plaintiff, taken at any time.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

              Defendants incorporate their objections and response to Document Request No. 1.

**DOCUMENT REQUEST NO. 11:**

              All photographs, video, digital images, or other similar media depicting the contraband defendants claim to have recovered at the time of the Arrest and Other Arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

              Defendants object to Document Request No. 11 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent it assumes facts not established, to the extent it seeks information that is not within defendants' possession, custody, and control, to the extent it seeks information in the possession of plaintiff, on the grounds that it is not sufficiently limited in time and scope, and to the extent that it seeks information that is equally available to plaintiff as to defendants.  Defendants also object on the grounds that it seeks information that may be sealed pursuant to New York Criminal Procedure Law § 160.50/55, and/or § 375.1 of the Family Court Act, and/or other applicable sealing provisions.  Subject to and without in any way waiving or limiting these objections and the General Objections, defendants are continuing to search for information responsive to plaintiff's requests, and will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

**DOCUMENT REQUEST NO. 12:**

              All documents, communications, and electronically memorialized information created or possessed by defendants concerning any field tests, laboratory reports, or other forensic tests conducted on the contraband allegedly recovered incident to the Arrest and Other Arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

        In addition to the General Objections, defendants object to Document No. 12 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent the request seeks information that is not relevant to any party's claims or defenses, to the extent it is not proportional to the needs of the case, to the extent that it seeks information that is not within defendants' possession, custody, or control, and to the extent it is in the possession of plaintiff.  Defendants also object on the grounds that it seeks information that may be sealed pursuant to New York Criminal Procedure Law § 160.50/55, and/or § 375.1 of the Family Court Act, and/or other applicable sealing provisions, and to the extent the information is subject to privilege.  Subject to and without in any way waiving or limiting these objections and the General Objections, plaintiff is referred to defendants' initial disclosures dated September 9, 2016, and as supplemented on September 21, 2016.  In particular, defendants refer plaintiff to DE 000016 and DE 000025.

**DOCUMENT REQUEST NO. 13:**

        All documents, communications, recordings, and electronically memorialized information obtained by defendants in response to any subpoenas or requests made pursuant to FOIA or FOIL for records relating to plaintiff, the Arrest, or the Other Arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

        Defendants incorporate their objections and response to Document Request No. 11 and No. 12.

**DOCUMENT REQUEST NO. 14:**

        All Notices of Claim, and communications concerning said Notices of Claim, identified or referenced in response to Interrogatory 20.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

        Defendants incorporate their objections and response to Interrogatory No. 20.

**DOCUMENT REQUEST NO. 15:**

        All documents, communications, recordings, and electronically memorialized information concerning any Civilian Complaint Review Board ("CCRB") complaints filed by any person(s) relating to the Arrest or Other Arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

        Defendants object to Document Request No. 15 on the grounds that it is vague, ambiguous, overly broad, and compound, to the extent it assumes facts not true or established, to the extent it seeks information that is not within defendants' possession, custody, and control, on the grounds that it is not sufficiently limited in time and scope, to the extent it is not relevant, to the extent it is not proportional to the needs of this case, and to the extent it seeks information that is equally available to plaintiff as to defendants.  Defendants also object on the grounds that it seeks information implicating the privacy and security of non-parties.  Subject to and without in any way waiving or limiting these objections and the General Objections, defendants state that they do not have any information responsive to this request.

**DOCUMENT REQUEST NO. 16:**

        All documents, communications, recordings, and electronically memorialized information concerning any complaints to the NYPD's Internal Affairs Bureau ("IAB"), or any other department within the NYPD filed by any person(s) relating to the Arrest or Other Arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

        Defendants incorporate their objections and response to Document Request No. 15. Defendants further object to the extent this request calls for production of documents

protected by the law enforcement privilege, the official information privilege, and/or the work-product doctrine.

**DOCUMENT REQUEST NO. 17:**

All documents, communications, recordings, and electronically memorialized information concerning any complaints to any agency, person, entity, or body, other than CCRB or IAB, filed by any person(s) relating to the Arrest or Other Arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants incorporate their objections and response to Document Request No. 15 and No. 16.

**DOCUMENT REQUEST NO. 18:**

All documents, communications, recordings, and electronically memorialized information concerning any testimony given by any person concerning the Arrest or Other Arrests, including audio recordings, transcripts, summaries or digests, or other reports and records.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants incorporate their objections and response to Interrogatory No. 14.

**DOCUMENT REQUEST NO. 19:**

All documents, communications, recordings, and electronically memorialized information concerning any statements by plaintiff related to the Arrest not otherwise produced in response to the demands herein or in the defendants' initial disclosure, including any audio or video recordings of said statements, and any materials of any sort referencing any statements attributed to plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

        Defendants incorporate their objections and response to the interrogatories and demands above.

**DOCUMENT REQUEST NO. 20:**

        All documents, communications, recordings, and electronically memorialized information concerning any statements by any person other than plaintiff related to the Arrest or Other Arrests not otherwise produced in response to the demands herein or in the defendants' initial disclosure, including any audio or video recordings of said statements, and any materials of any sort referencing any statements attributed to plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

        Defendants incorporate their objections and response to the interrogatories and demands above.

**DOCUMENT REQUEST NO. 21:**

        All documents, communications, recordings, and electronically memorialized information defendants will rely on to defend themselves against the allegations in the instant action.  If the documents are being or have been produced in response to different discovery request, state their bate stamp numbers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

        Defendants object to Request No. 21 on the grounds that it is vague, ambiguous, overly broad, and compound, and to the extent that it seeks information that is not sufficiently limited in time or scope.  Defendants further object to this interrogatory to the extent that it seeks information that is protected by the work product doctrine or other applicable privileges or otherwise seeks discovery of legal strategy and/or trial preparation and/or constitutes materials that may be used solely for impeachment.  Subject to and without waiving or in any way limiting

these objections or defendants' General Objections, defendants refer plaintiff to the discovery that has been exchanged and that will be exchanged in this action. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

Dated:        New York, New York
              November 11, 2016

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 3-308
                              New York, New York 10007
                              (212) 356-4361


              By:    _____
                              WILDA RODRIGUEZ
                              *Assistant Corporation Counsel*


TO:    LUMER & NEVILLE
       MICHAEL B. LUMER
       *Attorney for Plaintiff*
       225 Broadway, Suite 2700
       New York, New York 10007
       (212) 566-5060